# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN WARD,<br><br>              Petitioner,<br><br>      v.<br><br>THE PEOPLE,<br><br>              Respondents. | Case No. 1:13-cv-01367-SKO-HC<br><br>ORDER TO PETITIONER TO MOVE TO AMEND THE PETITION TO NAME A NEW RESPONDENT NO LATER THAN THIRTY DAYS AFTER SERVICE OF THIS ORDER<br><br>**FILING DEADLINE:   THIRTY (30) DAYS**<br><br>ORDER DISMISSING PETITIONER'S STATE LAW CLAIM WITHOUT LEAVE TO AMEND |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting his consent in a writing signed by Petitioner and filed on September 3, 2013 (doc. 7).  Pending before the Court is the petition, which was filed on August 21, 2013, and transferred to this division of this district on August 27, 2013.

   I.   Screening the Petition

   Rule 4 of the Rules Governing § 2254 Cases in the United States

District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).  However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner alleges that he is an inmate of the California

Medical Facility at Vacaville, California, serving a seventeen-year sentence imposed in the Superior Court of the State of California, County of Kings, on May 24, 2011, for making criminal threats in violation of Cal. Pen. Code § 422.  Petitioner raises several claims that appear to sound in due process, including 1) the insufficiency of the evidence to support the conviction because a witness was allowed to testify to a duty to warn when there was no threat, 2) insufficiency of the evidence because words communicated exclusively by a therapist pursuant to the therapist's duty to warn should not constitute a violation of § 422, and 3) § 422 should be construed not to include statements made to a therapist and repeated by the therapist in order to avoid a denial of due process.  Petitioner also raises a fourth claim essentially alleging that California's public policy should preclude a conviction of making criminal threats based on a therapist's warning to a third party regarding a patient's communication to the therapist.

   II.   Failure to Name a Proper Respondent

Petitioner named as Respondents "THE PEOPLE."  (Pet., doc. 1, 1.)  Petitioner is incarcerated at the California Medical Facility at Vacaville, California.  The official website of the California Department of Corrections and Rehabilitation (CDCR) reflects that the warden at that facility is Brian Duffy.[1]

A petitioner who is seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official websites.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). The address of the official website for the CDCR is http://www.cdcr.ca.gov.

3

the respondent to the petition.  Habeas Rule 2(a); <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).  Generally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and thus can produce the petitioner.  <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992); <u>see also</u>, <u>Stanley v. California Supreme Court</u>, 21 F.3d at 360.  However, the chief officer in charge of state penal institutions, such as the Secretary of the CDCR, is also appropriate.  <u>Ortiz-Sandoval</u>, 81 F.3d at 894; <u>Stanley</u>, 21 F.3d at 360.

   Petitioner's failure to name a proper respondent may require dismissal of his habeas petition for a failure to name a person who can produce the petitioner in response to an order of the Court and thereby to secure personal jurisdiction.  <u>See</u>, <u>Smith v. Idaho</u>, 392 F.3d 350, 355 n.3 (9th Cir. 2004).  This Court must ask <u>sua sponte</u> whether the respondent who is named has the power to order the petitioner's release.  If not, the Court may not grant effective relief, and thus it should not hear the case unless the petition is amended to name a respondent who can grant the desired relief.  <u>Id.</u>

   The Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility.  <u>See</u>, <u>In re Morris</u>, 363 F.3d 891, 893-94 (9th Cir. 2004).  In the interest of judicial economy, Petitioner need not file an amended petition.  Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent," wherein Petitioner may name the proper respondent in

4

this action.  The action may then proceed on the presently filed petition.

### III. Petitioner's State Law Claim

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam).  Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation.  Wilson v. Corcoran, 562 U.S. at 16; Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Thus, alleged errors in the application of state law are not cognizable in federal habeas corpus.  Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002).  In a habeas proceeding, this Court is bound by the California Supreme Court's interpretation of California law unless the interpretation is deemed to be untenable or a veiled attempt to avoid review of federal questions.  Murtishaw v. Woodford, 255 F.3d 926, 964 (9th Cir. 2001).

Here, Petitioner's claim is that it is inconsistent with California's public policy to base a conviction of making criminal threats in violation of Cal. Pen. Code § 422 on a therapist's

5

warning to a third party pursuant to the therapist's duty to warn of a threat of violence in the course of a communication between a patient and a therapist.  This claim is based solely on an interpretation and application of state law, including state public policy and state criminal law.  Thus, this Court is bound by the California Supreme Court's interpretation or application of California law.  There are no facts suggesting that the state court's interpretation of California law was untenable or was part of an attempt to avoid review of federal questions.

As discussed above, an inconsistency with state public policy does not entitle Petitioner to habeas corpus relief in a proceeding pursuant to 28 U.S.C. § 2254.  Accordingly, Petitioner's allegation that his criminal conviction was inconsistent with state public policy fails to state facts that point to a real possibility of constitutional error.

Further, the insufficiency of Petitioner's claim does not relate to the absence of any factual allegations, but rather to the nature of the claim as one based solely on state law.  Accordingly, even if Petitioner were granted leave to amend, he could not state a tenable federal claim based on a state court's interpretation or application of state law.  Accordingly, it will be ordered that Petitioner's state law claim be dismissed without leave to amend.

V.  <u>Disposition</u>

Accordingly, it is ORDERED that:

1) Petitioner is GRANTED thirty (30) days after the date of service of this order to file a motion to amend the instant petition to name a proper respondent.  Failure to amend the petition and state a proper respondent will result in dismissal of the petition

for failure to name as respondent a person with the power to produce the petitioner; and

    2)  Petitioner's state law claim is DISMISSED without leave to amend.

IT IS SO ORDERED.

Dated: **September 23, 2013**     **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE