MELVIN WARD,

        Petitioner,

   v.

BRIAN DUFFY, Warden,

        Respondent.

Case No. 1:13-cv-01367-SKO-HC

ORDER DEFERRING CONSIDERATION OF PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING UNTIL THE COURT CONSIDERS THE MERITS OF THE PETITION (DOC. 22)

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on September 3, 2013, and on behalf of Respondent on November 15, 2013. Pending before the Court is Petitioner's request for an evidentiary hearing that was filed along with Petitioner's traverse on April 10, 2014.

In the petition, Petitioner challenges a criminal judgment based on the alleged insufficiency of the evidence.

The decision to grant an evidentiary hearing is generally a matter left to the sound discretion of the district courts. 28 U.S.C. § 2254; Habeas Rule 8(a); Schriro v. Landrigan, 550 U.S. 465, 473 (2007). A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. Landis v. North American Co., 299 U.S. 248, 254-255 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997). To obtain an evidentiary hearing in federal court under the AEDPA, a petitioner must allege a colorable claim by alleging disputed facts which, if proved, would entitle him to relief. Schriro v. Landrigan, 550 U.S. at 474.

The determination of entitlement to relief is, in turn, limited by 28 U.S.C. § 2254(d)(1), which requires that to obtain relief with respect to a claim adjudicated on the merits in state court, the adjudication must result in a decision that was either contrary to, or an unreasonable application of, clearly established federal law. Schriro v. Landrigan, 550 U.S. at 474. Further, in analyzing a claim pursuant to § 2254(d)(1), a federal court is limited to the record that was before the state court that adjudicated the claim on the merits. Cullen v. Pinholster, -U.S.-, 131 S.Ct. 1388, 1398 (2011). When a state court record resolves the issues or precludes

habeas relief under the limitations set forth in § 2254(d), a district court is not required to hold an evidentiary hearing. Cullen v. Pinholster, 131 S.Ct. at 1399 (citing Schriro v. Landrigan, 550 U.S. at 474); see, Stokley v. Ryan, 659 F.3d 802, 808-09 (9th Cir. 2011), cert. den., 133 S.Ct. 134 (2012). Similarly, an evidentiary hearing is not required if the claim presents a purely legal question, there are no disputed facts, or the state court has reliably found the relevant facts. Beardslee v. Woodford, 358 F.3d 560, 585-86 (9th Cir. 2004); Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir. 1992).

With respect to expansion of the record, pursuant to the principles announced in Cullen v. Pinholster, 131 S.Ct. 1388, evidentiary materials that have not been presented to the state courts are not relevant to an analysis pursuant to 28 U.S.C. § 2254(d) because review is limited to the record that was before the state courts. Runningeagle v. Ryan, 686 F.3d 758, 767 n.2 (9th Cir. 2012), cert. den. 133 S.Ct. 2766 (2013). In most instances, it is not possible to consider a motion for an evidentiary hearing or expansion of the record before the merits of the petition are considered.

Here, the Court has not reviewed Petitioner's claims on the merits because the Court has before it other petitions that predate Petitioner's petition and which are ready for decision before Petitioner's petition was fully briefed. However, at this juncture in the proceedings, Petitioner's claims must be analyzed on the merits in order for the Court to determine whether Petitioner is entitled to relief pursuant to 28 U.S.C. § 2254(d). From the pleadings, it is possible that Petitioner's claims are subject to

resolution on the state court record, and thus further evidence or development of the record would not be required.

Accordingly, in the exercise of the Court's discretion, it is ORDERED that consideration of Petitioner's motion for an evidentiary hearing is DEFERRED until the merits of Petitioner's case are considered.

IT IS SO ORDERED.

Dated: **September 2, 2014**              **/s/ Sheila K. Oberto**
                                    UNITED STATES MAGISTRATE JUDGE