UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN WARD,<br><br>        Plaintiff,<br><br>    v.<br><br>BRIAN DUFFY, Warden,<br><br>        Defendant. | No.  1:13-cv-01367-SKO  HC<br><br>**ORDER DENYING REQUEST FOR EVIDENTIARY HEARING**<br><br>**(Doc. 22)** |

In his traverse (Doc. 22), Petitioner, a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254,[1] moved for an evidentiary hearing.

In habeas proceedings, "an evidentiary hearing is not required on issues that can be resolved by reference to the state court record." *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998).  "It is axiomatic that when issues can be resolved with reference to the state court record, an evidentiary hearing becomes nothing more than a futile exercise." *Id.* at 1176.

Petitioner's claims concern (claim 1) the sufficiency of the evidence presented at trial to constitute due process in his state court conviction for threatening a correctional officer in

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), both parties consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

1

violation of California Penal Code § 422 and (claims 2-4) the constitutionality of a threat conviction based on a psychologist's issuance of a warning under *Tarasoff v. Regents of University of California*, 17 Cal.3d 425 (1976).  Because all four claims require legal, not evidentiary, analysis, an evidentiary hearing for additional factual development is not necessary.

Accordingly, the Court DENIES the motion for an evidentiary hearing.

IT IS SO ORDERED.

Dated:     **September 8, 2015**                              **/s/ Sheila K. Oberto**
                                                       UNITED STATES MAGISTRATE JUDGE